Clement, J.
The plaintiff is the administratrix of George Hives, who, on the morning of December 10, 1884, was run over *878 by a car of tbe Third Avenue line, operated by defendant, at the corner of Fifty-fifth Street and Third Avenue in Brooklyn.
Hives died from his injuries and this action was brought under the statute to recover damages for the benefit of the next of kin, and a verdict was recovered at a trial term for the sum of two thousand five hundred dollars, and from the judgment entered on said, verdict, this appeal is taken.
The train from Fort Hamilton to Brooklyn stopped at Fifty fifth Street,a regular station,and the deceased, who lived on Fifty-fifth Street ran-to take the train after it had started, and while it was moving slowly. He crossed about twenty or twenty-five feet in front of the engine of another train going toward Fort Hamilton, and, slowing up to stop at the station, and reached a point opposite the front platform of the rear car, on which the gate was closed, and was last seen, before he was injured, standing on the •street between the tracks.
Mr. Haskins got upon the rear platform of the first car which was adjoining the front platform of the rear car, as there y^ere but "two cars on the train, and testifies, “ I did not move along between the trains; when I stepped on the platform, the other train had not got up to me yet.”
The testimony of Mr. Haskins tended to show that' the deceased did not attempt to get upon the car, and further that he ■did not run between the trains.
The testimony further shows that Hives ran diagonally •across Third Avenue and reached a point between the tracks, when he stopped, abandoning the attempt to get on the train.
The point where he stopped was a safe place for a person to stand between two trains running slowly, under ordinary circumstances. The train had only moved a short distance, about thirty feet, when there was a crash .and Hives was mangled.
The plaintiff proved to the satisfaction of the jury that the Find truck of the rear car was off the track, and that such was ■the fact for some distance before the train stopped at Fifty-fifth .Street.
It was conceded by the defendant that the truck was thrown off in tbe direction of the other train after the accident, but it was claimed that it was caused by contact with the body of •deceased.
There was sufficient testimony to justify the submission to the jury of the question, whether or not the truck was off the track before the train stopped at the station.
We do not think such a claim is preposterous, as argued by the learned counsel for the defendant.
If we go outside the record and take our ordinary experience, it is a well known fact that horse-cars when off the track are drawn on again in the manner claimed in this case and we *879 know of no reason wliy the cars moved by steam power may not be drawn upon the track in the same manner.
We think, however, that the case should be decided on the record and that we cannot set aside the verdict on the ground that the.same is against the weight of evidence.
Whether there was contributory negligence on the .part of the deceased is a more difficult question to decide, but on the whole case', we are of opinion that such question was for the jury to decide and not the court..
Assuming that the rear truck was off the track, it is very clear from the testimony, that the deceased was crushed between the cars.
It does not seem negligent as a matter of law for an individual to stand between two trains running slowly, within thirty-five feet of the place where one of the trains was about to stop.
Even the engineer of the down train did not regard the deceased in danger unless he attempted to board the other train for he says that he shouted, “ Don’t take hold.”
The deceased, according to the proofs of plaintiff, would not have been injured unless the defendant had started the train when the truck was off the track.
The case was properly submitted to a jury, and their verdict should not be disturbed.
Though the exceptions to the admission and exclusion of testimony were not orally argued, yet we have examined the same and find-no error.
Judgment and order denying new trial affirmed with costs.
REYNOLDS, J., concurs.